STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Email: robert.rees@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-0418 HSG |
| Plaintiff, | **OPPOSITION TO DEFENDANT'S MOTION TO PROVIDE ACCESS TO INMATE SERVICES AND CARE** |
| v. | |
| RANDY DEWAYNE PITTMAN, | |
| Defendant. | |

On June 22, 2022, this Court heard the defendant's motion to dismiss the indictment. Soon thereafter, on June 29, 2022, after expressing concern about the defendant's conditions of incarceration, his counsel filed a proposed order to grant him access to a digital tablet to review discovery and legal materials while in custody, which this Court signed as modified the next day, June 30, 2022.

The defendant then waited, taking essentially no known action regarding the conditions of his confinement until nearly two months later, when he filed an un-noticed motion regarding those conditions on August 9, 2022. This allowed him weeks and weeks to prepare that motion at his leisure. While he filed several exhibits in support of that motion, he failed timely to serve them on the United States. When the United States sought additional time to respond to that motion given the extreme imbalance between the week it was given to respond and the nearly two months the defendant had to

prepare the motion, no response was given until after the government filed a motion and related declaration establishing good cause to enlarge the time to respond. Only after that filing did the defendant provide his exhibits to the United States, while objecting to the additional time the United States had established a need for, an objection to which the Court acquiesced.

These circumstances demonstrably prejudiced the United States in this action. As but one example of that prejudice, the United States has been unable thus far to obtain a formal response from the U.S. Marshals, the primary target of the defendant's motion. *See* Rees Decl.

Meanwhile, the exhibits the defendant provided in support of his motion demonstrate that his claim of a time-sensitive matter which must be heard by the Court as soon as possible is without merit. Each of the documents in support of his motion pre-existed its filing by months, if not years.

For example, Exhibit A in support of the defendant's motion appears to have been created no later than April 22, 2022, the date that appears at the top of the pages of that exhibit, and for another case entirely, 3:15-cr-00221-O. Exhibit B appears to be even older and includes dates between early 2020 and January 2022. Exhibit C is dated to 2020, about two years ago. Exhibit D's latest listed date appears to be early June 2022, before the defendant's motion to dismiss and before his guilty plea. While Exhibit E appears to contain information from a fax sent in April 2022, the substantive information therein appears to come from several years ago in 2019 and 2020. The defendant's last exhibit in support of his motion, Exhibit F, involves what appears to be an evaluation from May of 2015, more than seven years prior to the filing of his motion.[1]

This demonstrates that the defendant had all of the information in support of his motion available to him at least weeks, and in some cases years, before he finally got around to filing it.[2] Rather than supporting his claim that this is a time-sensitive motion, it suggests instead that the defendant did not act diligently in its preparation and thereby caused the Court and the government to engage in a mad dash to litigate and adjudicate it – a fire drill for which there appears to be no legitimate reason.

Given the complex factual and legal nature of his motion, which involves both alleged physical

---

[1] Because the defendant did not timely serve these exhibits on the government, and because he insisted that it was a time-sensitive motion that should not be delayed at all, it is unable to provide any meaningful response to the substance or accuracy of these records.

[2] Indeed, it appears all of the material in support of the defendant's motion predated undersigned counsel's first appearance on this case on June 14, 2022.

US OPP TO MARSHAL ORDER                          2
CR 21-0418 HSG

and mental health conditions, administrative law considerations, and coordination with the Marshals and a civil case initiated by the defendant but deemed to be unrelated, along with the fact that the defendant neither properly noticed[3] his motion nor timely served its exhibits on the government, the defendant has created an unbalanced and unfair litigation advantage, whether intended or not, that should not be countenanced. Accordingly, this Court should dismiss it.

The defendant may claim he needed the time to demonstrate that he exhausted his administrative remedies, which he concedes he must do in order to petition this Court for the remedies he seeks. *See* Def. Mot. at 3 (citing 42 U.S.C. § 1997e(a) and cases). Indeed, the exhaustion requirement of the Prisoner Litigation Reform Act, which was enacted "in the wake of a sharp rise in prisoner litigation in the federal courts," was strengthened so that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (citation omitted). "Prisoners must now exhaust all 'available' remedies ... even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* The exhaustion requirement "applies to all inmate suits about prison life" that do not involve the duration of a prisoner's sentence. *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (*quoting Peter v. Nussle*, 534 U.S. 516, 532 (2002)).

However, the best information undersigned counsel was able to obtain from the Marshals indicates that the defendant made no real effort at all to exhaust his remedies with them, despite his claims to the contrary. As set forth in the accompanying declaration, according to information obtained from the Marshals, the defendant has submitted no medical claims or concerns to them and only a single claim regarding his access to legal materials which they believed had been resolved, most likely by the Court's order of June 30, 2022 referenced above regarding access to a tablet. In other words, not only does the defendant appear to have had access to essentially all of the information in support of his motion for a great deal of time before finally filing it, it also appears that he never made the effort during that time to seek any redress from the Marshals for his complaints. Accordingly, his motion should be dismissed for failure to exhaust required administrative remedies.

---

[3] This Court reminded the defendant and his counsel properly to notice motions at least twice prior to the filing of this motion, which, despite such reminders, was improperly noticed yet again. *See* Dkts. 41 & 43.

The defendant's claim that he should be provided access to legal materials to litigate his civil case, CV 22-3806 VKD, is especially without merit.[4]  While the government filed a notice of related case regarding these two cases, the defendant specifically objected to their relation, prompting the Court to sustain that objection and decline to relate the cases.  *See* Dkts. 66 & 67.  Because the cases have been deemed unrelated at his request, the defendant cannot seek a remedy here for a supposed violation in the civil matter.  *See, e.g., Mitchell v. Dupnik,* 75 F.3d 517, 528 (9th Cir. 1996) (holding that a "court has no authority to decide questions that cannot affect the rights of litigants in the case before it" (internal quotation and editing marks omitted).  Because the defendant seeks remedies in this criminal action regarding a civil action he asserts, and this Court has found, is unrelated, the issue is "moot" in this context and the Court does not have the power to grant the requested unrelated remedy.

Finally, because the defendant is seeking prospective relief concerning the conditions of his confinement, specifically, "an order directing the USMS to provide him with access to legal activities and medical care," this Court should construe it for what it truly is, a request for injunctive relief.  Def. Mot. at 8; s*ee, e.g., Singleton v. Biter*, 2014 WL 585388 (E.D. Cal. Feb. 14, 2014) (construing prisoner request to order the provision of medial records and to stop harassment within prison as seeking injunctive relief).  Yet a preliminary injunction is an extraordinary remedy never awarded as of right.  *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 24 (2008) (citation and quotation marks omitted).  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The defendant's claim for prospective, injunctive relief is broad, lacking in specifics, fails to include any form of proposed order, and would impose potentially wide-ranging and heavy burdens on the Marshals with little to no meaningful guidance.  Accordingly, this Court should dismiss his motion.  *See id*.  This Court simply cannot reasonably or practically grant the defendant's vaguely proposed

---

[4] Given the access to legal materials and a tablet previously granted by this Court in this criminal case, along with the Court's order that the defendant is not to communicate directly with the Court given his status as a represented party, his current request for access to legal materials cannot in any reasonable sense pertain to this criminal case.  *See* Dkts. 37 & 57.

remedies in a manner that can comply with the law.

Finally, the defendant's alternative request that the Court designate him to be placed in a BOP facility instead of in U.S. Marshal custody is inconsistent with the relevant statutory scheme and thus cannot be granted. *See, e.g.,* 18 U.S.C. § 3621 (setting forth procedures for BOP designation of prisoners); § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment [by the BOP] under this subsection is not reviewable by any court.").

For the foregoing reasons, the Court should dismiss the defendant's motion.

DATED: August 13, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s_____
ROBERT DAVID REES
Assistant United States Attorney