UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA, | Case No. 21-cr-00418-HSG-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS** |
| v. | Re: Dkt. Nos. 126, 131, 132, 139, 142 |
| PITTMAN, | |
| Defendant. | |

Before the Court are several motions filed by Defendant. For the reasons below, the Court **DENIES** the motions. Dkt. Nos. 126, 131, 132, 139, 142.

### A.  Motion for Return of Property

The Court **DENIES WITHOUT PREJUDICE** Defendant's motion for return of property, motion to supplement, and motion for default judgment. Dkt. Nos. 126, 131, 139. Under Federal Rule of Criminal Procedure 41(g), a motion for return of property "must be filed in the district where the property was seized." Here, without dispute, the property at issue was seized in Alabama, not in this district. Defendant accordingly must file the motion in the district where the property was seized. The Court also notes that contrary to Defendant's claim, the government timely opposed his motion. Dkt. No. 128 (opposition filed on October 25, 2022 deadline).

### B.  Motion for Jail Credits and to Recalculate Sentence

The Court **DENIES** Defendant's motion for jail credits and to recalculate sentence. Dkt. No. 132. As a matter of law, the Attorney General (through the Bureau of Prisons), not the sentencing court, is responsible for the calculation of credits. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) ("The United States argues that it is the Attorney General who computes the amount of the credit after the defendant begins his sentence and that the Court of Appeals erred in

ordering the District Court to award credit to [defendant]. [Defendant] counters that § 3585(b) authorizes the District Court to compute the amount of the credit at sentencing. We agree with the United States."). While a defendant may "challenge the manner, location, or conditions of a sentence's execution," such an action "must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Even if the Court were to construe Defendant's motion as a habeas petition under section 2241, therefore, it would be subject to dismissal for lack of jurisdiction based on his failure to file in the district of his BOP confinement (which the Court understands to be the District of South Carolina based on Defendant's recent filings). *See United States v. Brugnara*, 793 F. App'x 596 (February 10, 2020) (explaining that where the record reflected that defendant was not housed in the Northern District of California when he filed his petition, "[b]ecause petitions brought under section 2241 must be heard in the defendant's custodial court, the district court lacked jurisdiction to consider [defendant's] claims arising under § 2241") (citing *Hernandez*). The Court's denial of the motion thus is without prejudice to Defendant reasserting the substance of the claim in the proper form and forum.[1]

### C. Motion to Compel

In November 2022, Defendant filed a motion to compel seeking to be transferred from Santa Rita Jail to a Bureau of Prisons facility. Dkt. No. 142. As his motion for compassionate release makes clear, Defendant is no longer at Santa Rita Jail and has been incarcerated at the Edgefield Federal Correctional Institution since at least December 2022. *See* Dkt. No. 146 at 1; *see also* Dkt. No. 152 at 3. The Court thus **DENIES** as moot Defendant's motion to compel. Dkt. No. 142.

**IT IS SO ORDERED.**

Dated: 4/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Although the Court does not rely on waiver grounds here, the Court notes that in his plea agreement, Defendant waived his right to file any collateral attack on his conviction or sentence other than on the basis of ineffective assistance of counsel. *See* Dkt. No. 89 ¶ 5.